UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY L. BARNES,

    Plaintiff,

v.                                         Case No. 18-cv-1025-pp

DONALD J. TRUMP,

    Respondent.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT (DKT. NO. 11), DENYING AS MOOT PLAINTIFF'S MOTION FOR *EX PARTE* INJUNCTION (DKT. NO. 6), DENYING AS MOOT DEFENDANT'S MOTION TO STAY PROCEEDINGS (DKT. NO. 7) AND DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND REPLY (DKT. NO. 15)**

---

## I.    Procedural History

On July 5, 2018, Gary L. Barnes, representing himself, filed a complaint against President Donald J. Trump, alleging that the President has imposed illegal and unconstitutional tariffs on imported goods. Dkt. No. 1. The defendant filed a notice of appearance on July 30, 2018. Dkt. No. 3. On August 15, 2018, the plaintiff filed a motion for *ex parte* injunction. Dkt. No. 6. The defendant did not respond to this motion, instead filing a motion to stay proceedings until the defendant could file a motion to dismiss. Dkt. No. 7. On September 25, 2018, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 11. The plaintiff responded to that motion, dkt. no. 13, and then asked the court to allow him to amend his response, dkt. no.

1

15. The court grants the defendant's motion to dismiss and denies the remaining motions as moot.

## II.  **Factual Background**

### A.   Allegations in the Complaint

The plaintiff's complaint lists several tariffs that the defendant had imposed on certain goods. Dkt. No. 1 at 3-4 (listing tariffs on Canadian lumber, solar panel technology, washing machines, steel and aluminum, and "Chinese products"). The plaintiff alleges that the United States Constitution does not allow the defendant to impose these tariffs and that they are harmful to businesses and citizens. Dkt. No. 1 at 4-5. Specifically, the plaintiff argues that neither the United States Constitution nor the Trade Act of 1974 authorize the defendant to enact these tariffs. Id. The plaintiff asserts that he has standing to challenge these tariffs because he is a citizen of the United States with the First Amendment right to "petition the government for a redress of grievances." Id. at 9. For relief, the plaintiff asks the court to rule that the defendant lacks the authority to impose taxes on foreign goods or to regulate commerce. Id. at 11. He also seeks a preliminary injunction to end the collection of tariffs, and asks the court to enjoin the defendant from imposing additional tariffs. Id. at 12.

The plaintiff claims that the court has federal question jurisdiction under 28 U.S.C. §1331, and the power to compel an officer to perform a duty owed to the plaintiff under 28 U.S.C. §1361. Id. at 2.

B. Motion to Dismiss (Dkt. No. 11)

The defendant asks the court to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. No. 11. In his brief, the defendant argues that the Court of International Trade has exclusive subject matter jurisdiction over challenges to the tariffs at issue. Dkt. No. 12 at 9. He says that the Court of International Trade's jurisdictional statute, 28 U.S.C. §1581, creates broad-based jurisdiction in that court on tariff-related claims and says that the plaintiff's claims fall within the statute. Id. (citing K-Mart v. Cartier, 485 U.S. 176, 182-83 (1988)).

The defendant also asserts that the plaintiff lacks Article III standing. Id. at 13. The defendant notes that the plaintiff does not claim that he has bought, sold or imported any of the products listed in the complaint; in other words, he has not shown how these tariffs have caused him injury-in-fact. Id. at 14. The defendant contends that being a concerned United States citizen does not automatically confer Article III standing on that citizen. Id. at 14 (citing Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 482-83 (1982)). The defendant asks the court to dismiss the case, rather than transferring it to the Court of International Trade.

C. Plaintiff's Response (Dkt. No. 13)

The plaintiff maintains that this court has jurisdiction over his complaint under 28 U.S.C. §§1331 and 1361. Dkt. No. 13 at 1. He asks the court to deny the defendant's motion and either allow the case to proceed in the district court or reassign it to the Court of International Trade. Id. at 2. Two weeks later, the

plaintiff asked to amend his response, citing Fed. R. Civ. P. 15(a)(1)(A). Dkt. No. 15. In his proposed amended response, the plaintiff cites a "Cure of Defects" provision from the Customs Courts Act of 1980. Id. at 2. The plaintiff alleges that this provision stated that when a civil action within the exclusive jurisdiction of the Court of International Trade is commenced in a district court, the district court shall transfer the action to the Court of International Trade. Id. (citing "Rules of the Court of International Trade state, in Public Law 96-417 (Oct. 10, 1980) §1584(a)").

Without asking permission to do so, the plaintiff also filed a supplemental response to the motion to dismiss.[1] Dkt. No. 16. He argued that his complaint was an "internal grievance," challenging the defendant's authority to levy tariffs. Dkt. No. 16 at 1-2. He indicated that his case should not go to the Court of International Trade, because that court "does not get involved with suits that encompass the internal workings of the government." Id. at 2. The defendant asserts that the supplement raised no new arguments affecting the defendant's position on this court's lack of subject-matter jurisdiction. Dkt. No. 17.

**II.   ANALYSIS**

When it enacted 28 U.S.C. §251(a), Congress created the Court of International Trade. The statute granted that court "exclusive jurisdiction of

---

[1]This court's local rules allow a party to file a motion, the opposing party to respond and the moving party to reply. If a party wants to file any other pleadings, that party must ask leave of court. Civil L.R. 7(i) (E.D. Wis.), accessible at https://www.wied.uscourts.gov/local-rules-and-orders-0.

any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. §1581(i)(2). If a case falls within one of the specific grants of jurisdiction to the Court of International Trade, this court—the district court—is divested of jurisdiction over the case. K-Mart v. Cartier, 485 U.S. 176, 182-83 (1988). See also, 28 U.S.C. §1337(c) (while district courts have original jurisdiction over civil actions involving federal laws regulating commerce or protecting trade, "[t]he district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade . . . .).

The plaintiff asserts that the defendant, a member of the executive branch, does not have the authority under the Constitution of the United States and/or the Trade Act of 1974 to impose the challenged tariffs. Dkt. No. 1. This claim falls squarely within the jurisdiction of the Court of International Trade—it is a civil case against a United States officer (the President) that arises out of United States laws providing for tariffs. The Court of International Trade has *exclusive* jurisdiction over civil actions concerning tariffs. 28 U.S.C. §1581(i)(2). By definition, exclusive jurisdiction in the Court of International Trade means that *only* the Court of International Trade has the jurisdiction to hear the plaintiff's claims.

The plaintiff argues that 28 U.S.C. §1331 and §1361 give the district court jurisdiction over his claims. That would be true, if the plaintiff had not

5

sued an officer of the United States over tariffs. The district court *does* have "general subject matter jurisdiction" over cases arising under the Constitution or laws of the United States. The exception to that rule is when Congress has required that certain kinds of cases arising under the Constitution and laws of the United States must be heard by a different court, like the Court of International Trade.

The plaintiff says that if the court decides that the Court of International Trade has jurisdiction over his claims, it should reassign the case to that court. Dkt. No. 15 at 3. As authority, the plaintiff cites a provision from "Public Law 96-417 (Oct. 10, 1980) §1584(a)". Id. at 2. It appears that the plaintiff meant to cite an old version of 28 U.S.C. §1584, found as Pub. L. 96-417, Title II (Oct. 10, 1980). That statute stated,

> (a) if a civil action within the exclusive jurisdiction of the Court of International Trade is commenced in a district court of the United States, the district court shall, in the interest of justice, transfer such civil action to the Court of International Trade, where such action shall proceed as if it had been commenced in the Court of International Trade in the first instance.

PL 96–417, Oct. 10, 1980. Congress has repealed this statute. See Pub.L. 97-164, Title I, § 135 (Apr. 2, 1982) ("Section 1584 of title 28, United States Code, and the item relating to section 1584 in the section analysis of chapter 95 of such title, are repealed.").

In 28 U.S.C. §1631, "Transfer to cure want of jurisdiction," Congress provided: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the

6

action or appeal could have been brought at the time it was filed or noticed[.]" Arguably, this provision allows this court to transfer a case that belongs in the Court of International Trade to that court.

The defendant responds that a transfer would be futile, because the plaintiff lacks Article III standing. Dkt. No. 12 at 13. Article III of the Constitution limits federal courts to adjudicating only those "cases" and "controversies" brought by litigants who have standing to bring them. Id. (citing Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 886 (7th Cir. 2017)). If the plaintiff does not have standing to sue in a federal court, it would be futile for this federal court to transfer his case to another federal court, because that court could not hear it.

Article III empowers courts to decide only "cases" or "controversies." U.S. Const. Art. III. The Supreme Court has developed the doctrine of standing, which "serv[es] to identify those disputes which are appropriately resolved through the judicial process[.]'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). "Over the years, [the Supreme Court's] cases have established that the irreducible constitutional minimum of standing contains three elements." Id. Those three elements are "injury-in-fact, causation, and redressability." Groshek, 865 F.3d at 886.

For a plaintiff to show that he has suffered an injury-in-fact, he must demonstrate that he has "'suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural

7

or hypothetical."'" Groshek, 865 F.3d at 886 (quoting Spokeo v. Robins, ___ U.S. ___, 136 S.Ct. 1540, 1548 (2016)). The injury must actually exist, even if it is not tangible. Id.

The plaintiff says that he is asserting an "internal grievance for violations of the supreme law of the land, the United States Constitution." Dkt. No. 16 at 1. He argues that he has an "inalienable right"—in fact, a duty—to defend the Constitution, and that this right comes from his First Amendment right to petition the government for redress of grievances. Dkt. No. 1 at 9. These allegations are not enough to prove that the plaintiff has suffered a concrete and particularized injury that is real and imminent. Essentially, the plaintiff is claiming that he has a right to bring this suit as a concerned citizen. The Supreme Court specifically rejected this standing argument years ago; in Valley Forge Christian Coll., 454 U.S. at 482-83, the Court held that concerned United States citizens, without more, do not have Article III standing. ("This Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law.") (internal citations and quotations omitted).

The plaintiff attempts to avoid the standing problem by asserting that "[t]he only question before the court, at this time, is the question of jurisdiction over subject-matter as specified by the title of the Defendant's motion to dismiss." Dkt. No. 16 at 2. It is true that the defendant did not ask the court to dismiss the case for lack of standing. But the fact that the plaintiff does not

have standing means that there is no point in the court transferring the case to the court that has proper jurisdiction over his claims.

## III. CONCLUSION

The court **GRANTS** the defendant's motion to dismiss for lack of subject-matter jurisdiction. Dkt. No. 11.

The court **DENIES AS MOOT** the plaintiff's motion for an *ex parte* injunction. Dkt. No. 6.

The court **DENIES AS MOOT** the defendant's motion to stay proceedings. Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motion to amend his reply. Dkt. No. 15.

The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 13th day of March, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**